UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 97-4637

BRIAN STOVER,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
G. Ross Anderson, Jr., District Judge.
(CR-92-331)

Submitted: March 3, 1998

Decided: March 19, 1998

Before WIDENER, HAMILTON, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant. E. Jean Howard, OFFICE OF THE
UNITED STATES ATTORNEY, Greenville, South Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Brian Stover appeals his sentences imposed upon a guilty plea to two counts of bank robbery in violation of 18 U.S.C.A. § 2113(a) (West Supp. 1997), and upon revocation of supervised release on a prior conviction. Stover's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising one issue but stating that in his view there are no meritorious grounds for appeal. Stover was informed of his right to file a supplemental pro se brief, but he failed to do so. For the reasons that follow, we affirm.

In 1993, Stover pled guilty to robbery and assaulting a postal employee with intent to rob, in violation of 18 U.S.C.A. § 2114 (West Supp. 1997). He was sentenced to fifty-five months' imprisonment followed by three years of supervised release. Stover was released from custody on April 10, 1996, and began his three-year term of supervised release.

In January 1997, Stover was indicted on three counts of bank robbery. Stover pled guilty to two counts of bank robbery in violation of 18 U.S.C.A. § 2113(a). The district court sentenced Stover to 151 months' imprisonment to be followed by a three-year term of supervised release on each count, to run concurrently.

As a result of his 1997 conviction for bank robbery, Stover violated the terms of his previously imposed supervised release. At the sentencing hearing for both the 1997 conviction and the violation of supervised release, Stover requested that any sentence imposed for violation of supervised release run concurrently with the sentence imposed for the 1997 conviction. The district court revoked Stover's supervised release and sentenced him to fifteen months' imprisonment to run consecutively to the 151-month term of imprisonment previously imposed for the 1997 conviction.

Stover's counsel raises the issue of whether the district court abused its discretion when, upon revoking Stover's supervised release, it refused to sentence him to a term of imprisonment to run

2

concurrently with the term of imprisonment for the 1997 conviction. The district court acted within its discretion in ordering that Stover's sentence for violating the terms of his supervised release run consecutively to the sentence previously imposed for the 1997 conviction. <u>See</u> 18 U.S.C. § 3584(a) (1994); <u>U.S. Sentencing Guidelines Manual</u> § 7B1.3(f) (1995).

As required by <u>Anders</u>, we have examined the entire record and find no other meritorious issues for appeal. Because the record discloses no reversible error, we affirm Stover's sentences. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3